UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SUPREME RAHEEM ACKBAR, | ) | C/A No. 4:17-0334-RMG-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN MCFADDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 3, 2017. On June 5, 2017, Petitioner filed a motion entitled "Petitioner's Motion to Alter or Amend." (Doc. #44). This motion is being treated as a Motion for Default Judgment.[2] Respondent filed a response in opposition. (Doc. #48).

First, it is recommended that the motion be denied as default judgments are generally disfavored in habeas actions. See, e.g., Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir.1987) (noting that "a default judgment is not contemplated in habeas corpus cases"). Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] On April 26, 2017, Petitioner filed a motion entitled "Petitioner's Motion for Relief from Default Judgment." (Doc. #25). It appeared Petitioner was attempting to request default judgment. However, the Order authorizing service was entered on March 13, 2017, and the Return was not due until May 2, 2017. Therefore, the motion was denied as premature.

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). However, habeas petitioners should not receive a default judgment under normal circumstances. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir.1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990) (holding that "[t]he failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.1970) (finding "Rule 55(a) has no application in habeas corpus cases.").

Moreover, default judgment is not appropriate in this case. Based on the court's docket sheet, an order was filed on March 13, 2017, authorizing service of process and directing the Respondent to file a Return. The Return was originally due to be filed by May 2, 2017. (Doc. #20). On May 2, 2017, Respondent filed a motion for an extension of time to file the Return which was granted giving Respondent up to and including June 1, 2017, to file the Return. (Docs. #28 and #29). On June 1, 2017, Respondent filed a motion for a one day extension to file the Return until June 2, 2017. This motion for a one day extension of time was granted by order on June 1,

2017, giving Respondent up to and including June 2, 2017, to file the Return. (Docs. #37 and #38). Respondent filed the Return and Memorandum on June 2, 2017. Accordingly, it is recommended that Petitioner's motion for default judgment (Doc. #44) be denied.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Plaintiff's motion for default judgment (doc. #44) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 22, 2017
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**