# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Supreme Raheem Ackbar, | ) | Case No 4:17-cv-334-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden McFadden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R. &R.") of the Magistrate Judge (Dkt. No. 49) recommending that the Court deny Petitioner's motion for default judgment (Dkt. No. 44). For the reasons below, this Court adopts the R. & R. as the order of the Court. Petitioner's motion for default judgment (Dkt. No. 44) is denied.

## I. Background and Relevant Facts

Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on February 3, 2017. (Dkt. No. 13.) On June 5, 2017, Petitioner filed a motion entitled "Petitioner's Motion to Alter or Amend Judgment" in which he requested and explicitly referred to "default judgment." (Dkt. No. 44.) In the R. & R., the Magistrate explained why default judgment is disfavored in habeas actions generally and is inappropriate in this habeas action in particular. (Dkt. No. 49.) The Magistrate explained that while Federal Rule of Civil Procedure 55(a) contemplates default judgment against a party that "has failed to plead or otherwise defend as provided by these rules," the Respondent in this case filed a return and memorandum on June 2, 2017, after being granted an extension by the Court. (*Id.*)

## II. Legal Standard - Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

Petitioner has filed timely objections to the Magistrate's R. & R. (Dkt. No. 53.) These objections are almost unintelligible and do not appear to specifically refer to any finding in the R. & R. For example, Petitioner states that he "object[s] to the [R. & R.] to the extent that it may be interpreted as suborning perjury" (Dkt. No. 53 at 1) and that he objects to the R. & R. "on the grounds of fraud, fraud upon the Court is an affront to the administration of justice, a litigant who has been defrauded need not establish prejudice." (*Id.* at 1-2)

As Petitioner has not made a specific objection to any portion of the R. & R., the Court need only satisfy itself that the Magistrate has made no clear error on the face of the record. Finding no clear error in the Magistrate's determination that there is no basis for default judgment on this habeas petition, the Court adopts the R. & R. as the order of the Court.

## IV. Conclusion

For the reasons discussed above, Petitioner's motion for default judgment (Dkt. No. 49) is denied.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 6, 2017
Charleston, South Carolina