# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Supreme Raheem Ackbar, | ) | Case No 4:17-cv-334-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **AMENDED ORDER AND OPINION** |
| | ) | |
| Warden McFadden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 63) recommending that the Court grant Respondent's Motion for Summary Judgment (Dkt. No. 41). For the reasons below, this Court adopts the R. & R. as the order of the Court. Respondent's Motion for Summary Judgment (Dkt. No. 41) is granted.

I.  **Background and Relevant Facts**

The Magistrate has thoroughly summarized the facts of the case in the R. & R. (Dkt. No. 63 at 2-7), and Petitioner has not objected to those findings, so the Court need not repeat the facts in detail here. Petitioner was found guilty of one count of murder at the end of a jury trial held February 7-9, 2011. Later, proceeding *pro se*, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on February 3, 2017. (Dkt. No. 1.) The Petition includes the following allegations: (1) that the trial court lacked subject matter jurisdiction; (2) that the trial court failed to impeach the witnesses; (3) that trial counsel failed to object and move the court to quash the indictment before the jury was sworn; and (4) that trial counsel failed to move the court for a directed verdict.

In the R. & R., the Magistrate recommended that this Court grant summary judgment for Respondent on Ground One because jurisdiction is a non-cognizable state law issue. (Dkt. No.

63 at 11). The Magistrate also recommended that this Court grant Summary Judgment for Respondent on Petitioner's ineffective assistance of counsel claims (Grounds Two, Three, and Four) for several reasons. As to Ground Two, the Post-Conviction Relief ("PCR") court's finding that counsel's trial strategy for cross-examination was valid is entitled to the presumption of correctness, and Petitioner did not proffer any questions he thought his counsel failed to ask. (Dkt. No. 63 at 15-16.) As to Ground Three, Petitioner's claim that his trial counsel failed to object and move to quash the indictment before the jury was sworn, the Magistrate has explained that the PCR court found that there was no legal basis to object to the failure of the arresting officer to serve Petitioner with a warrant when Petitioner had already been properly arrested for a prior armed robbery, and that the indictment gave Petitioner sufficient notice of the charges against him. (*Id.* at 18-19) Finally, as to Petitioner's fourth allegation that his counsel was ineffective for failing to move for a directed verdict, the Magistrate explained that, in light of the evidence of Petitioner's guilt, the PCR court reasonably found that trial counsel's failure to move for a directed verdict did not impact the outcome of the trial. (*Id.* at 20-21.)

**II.   Legal Standard - Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the

face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

**III.  Discussion**

Petitioner has filed timely objections to the Magistrate's R. & R. (Dkt. No. 65.) These objections are almost unintelligible and do not specifically refer to any finding in the R. & R. For example, Petitioner states that the R. & R. "embodies fraud," "is an instrument of oppression," and "highlights the arbitrary exercise of power by government officials who redundantly subvert the integrity of the Court." (Dkt. No. 65 at 1.)

As Petitioner has not made a specific objection to any portion of the R. & R., the Court need only satisfy itself that the Magistrate has made no clear error on the face of the record. Finding no clear error in the Magistrate's determination that there is no basis for default judgment on this habeas petition, the Court adopts the R. & R. as the order of the Court.

**IV.  Conclusion**

For the reasons above, this Court adopts the R. & R. as the order of the Court. Respondent's Motion for Summary Judgment (Dkt. No. 41) is granted.

**V.  Certificate of Appealability**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 22, 2017
Charleston, South Carolina